Carolyn RANSCHBURG, individually and on behalf of all others similarly situated, Plaintiff,

v.

Barrett TOAN, Director, Missouri Department of Social Services, and James Moody, Director, Missouri Division of Family Services, Defendants.

No. 81–4090–CV–C–5.

United States District Court,
W. D. Missouri, C. D.

June 11, 1982.

Michael Lyons, Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for plaintiff.

Paul T. Keller, Dept. of Social Services, Scott A. Woodruff, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

Plaintiff brings this action under 42 U.S.C. Section 1983, individually and on behalf of all other persons similarly situated, seeking declaratory and injunctive relief. Plaintiff and the class she seeks to represent are needy, totally disabled Medical Assistance recipients who have been or will be denied financial assistance with their heating bills under the Missouri "Utilicare" program, Section 660.100 et seq. RSMo (Supp.1982). Plaintiff claims that the Missouri Utilicare program violates the Equal Protection Clause of the Fourteenth Amendment by providing financial assist-

ance to needy Supplemental Security Income and Social Security disability recipients,[1] while denying such assistance to plaintiff and others who have met the same disability standards in order to qualify for the Missouri Medical Assistance program. The defendants argue that the difference in treatment between the two groups is rationally related to furthering a legitimate state interest, and, therefore, the Missouri Utilicare program does not violate the Equal Protection Clause of the Fourteenth Amendment. For the reasons stated, this Court finds that the plaintiff's arguments are more persuasive and that she is entitled to the relief she seeks for herself and for others similarly situated.

A. *Statement of Facts.*

The Missouri Utilicare program provides financial assistance of up to $150 for the primary heating source to heads of households who are elderly or disabled and whose incomes do not exceed $7,500 for the prior calendar year. Disabled Utilicare recipients must also be receiving Social Security disability benefits, Supplemental Security Income disability benefits, or public assistance under any of the other programs set forth in Section 660.100.

The Medical Assistance program is not a program listed in Section 660.100. The Medical Assistance program provides financial assistance with medical bills to individuals who are needy and aged, blind, or disabled. These individuals are not receiving any other form of public assistance from the Missouri Division of Family Services.[2] For the purposes of determining Medical Assistance eligibility based upon

the existence of a disability for persons who are receiving Social Security disability or Supplemental Security Income disability benefits, the Missouri Division of Family Services adopts the Social Security Administration's disability determination. For those individuals who are not receiving Social Security disability or Supplemental Security Income disability benefits, the Missouri Division of Family Services makes its own disability determination based upon the standard of disability set forth in the Code of State Regulations at 13 CSR 40–2.-100 and 13 CSR 40–20.200 and in the Missouri Division of Family Services Manual at Chapter VI, pp. 5A–6 (Sept., 1979) and Chapter XI, Section XIV, p. 1 (July, 1980). The Missouri standards of disability are as restrictive as the federal standards of disability as set forth at 42 U.S.C. Section 1382c(a)(3)(A) and 42 U.S.C. Section 423(d)(1)(A).

Plaintiff, Carolyn Ranschburg, is a widow whose income for the calendar year of 1980 was $2,620.08. From January 1, 1981 through September, 1981, plaintiff was a recipient of Medical Assistance because of a disability. Based on plaintiff's income for the 1980 calendar year, she was financially eligible to receive Utilicare benefits. From December 12, 1980 through June 22, 1981, plaintiff was not a recipient of any public benefit program set forth in Section 660.-100. On December 12, 1980, plaintiff applied for Utilicare benefits. Her application was denied on December 17, 1980. Plaintiff requested a hearing before the Missouri Division of Family Services to contest the denial of Utilicare benefits. A hearing was held on March 9, 1981, and on

1. Section 660.100 provides:

    1. The department of social services is directed to establish a plan for providing financial assistance to elderly households and disabled households for the payment of charges for the primary heating source for the household. This plan shall be known as "Utilicare."

    2. For purposes of sections 660.100 to 660.135, the term "elderly" shall mean having reached the age of sixty-five and the term "disabled" shall mean totally and permanently disabled or blind and receiving federal so-

cial security disability benefits, federal supplemental security income benefits, veterans administration benefits, state blind pension, pursuant to sections 209.010 to 209.160, RSMo, state aid to blind persons pursuant to section 209.240, RSMo, or state supplemental payments pursuant to section 208.030, RSMo.

2. Individuals who are receiving other forms of public assistance from the Missouri Division of Family Services receive "Medicaid" instead of Medical Assistance.

April 3, 1981, the Missouri Division of Family Services rendered a decision upholding the denial of Utilicare benefits. Plaintiff was denied Utilicare benefits because she was not a recipient of any of the public benefit programs set forth in Section 660.-100. There are fifty-six individuals who were receiving Medical Assistance on the basis of a permanent and total disability as determined by the Missouri Division of Family Services who were denied Utilicare benefits between November 24, 1980 and April 30, 1981, because they were not recipients of Social Security disability benefits, Supplemental Security Income disability benefits, or any other public assistance program set forth in Section 660.100. Plaintiff has brought this action requesting this Court to declare the Utilicare statute unconstitutional because it denies benefits to a class of applicants in violation of the Equal Protection Clause of the Fourteenth Amendment.

**B.** *Class Action Certification.*

■ Plaintiff brought this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), on behalf of herself and all others who were denied Utilicare benefits solely on the grounds that they were not recipients of any of the public assistance programs set forth in Section 660.100. The defendants have not opposed class certification. Rule 23(a) and (b)(2) provide as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . .

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole. . . .

The Court finds that all of the requirements for a class action are satisfied under the facts presented in this case.

The numerosity requirement is clearly met because joinder of members of the class is impracticable. The defendants have stipulated that there are fifty-six individuals in the plaintiff class. This many class members is enough to satisfy the numerosity requirement. *Arkansas Education Association v. Board of Education of the Portland Arkansas School District,* 446 F.2d 763 (8th Cir. 1971). Furthermore, plaintiff seeks to represent not only those persons included in the plaintiff class who have been denied Utilicare benefits but also those persons who will be denied benefits in the future. Joinder of unknown persons is impracticable. *Jack v. American Linen Supply Co.,* 498 F.2d 122, 124 (5th Cir. 1974). Joinder is also impractical because class membership is fluid. *Santiago v. City of Philadelphia,* 72 F.R.D. 619, 624 (E.D.Pa.1976). Inclusion in the class is subject to satisfying certain financial and disability criteria. A change in either of these factors may affect class membership.

The requirement of the existence of a common question of law or fact is also met. Plaintiff has raised a question of law which is common to all members of the class, namely, whether Section 660.100 violates the Equal Protection Clause of the Fourteenth Amendment by not including disabled Missouri Medical Assistance recipients who are not also receiving aid from the listed public assistance programs.

The typicality requirement is also met. Typicality requires "a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir. 1977). In this case, there are at least fifty-six other individuals

with similar grievances as the plaintiff, and the legal claims asserted by the plaintiff are precisely the same legal claims which would be asserted by any absent class member.

The requirement that the plaintiff class be fairly and adequately represented is also met. Counsel for plaintiff have demonstrated that they have prior experience litigating class actions, and as staff attorneys of a federally funded Legal Services program, there are adequate resources available for prosecution of this action on behalf of the named party and the class.

Finally, the requirements of Rule 23(b)(2) are met. The defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive ... or ... declaratory relief. ..." Plaintiff claims that she and the class she seeks to represent have been, or will be, subjected to a constitutional violation of their right to equal protection under the law. Because the same alleged constitutional violation has been committed against each member of the class, declaratory and injunctive relief for the class as a whole is appropriate. Furthermore, Rule 23(b)(2) is especially appropriate for civil rights cases. *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972).

For the foregoing reasons, the plaintiff's motion for an order certifying the named class is granted.

## C. *Opinion.*

The plaintiff class is eligible to receive Utilicare benefits in every respect except for the fact that they do not receive Social Security disability benefits, Supplemental Security Income disability benefits, or any other form of public assistance set forth in Section 660.100. This is the only distinction between the group of persons who receive Utilicare benefits and the plaintiff class. The issue this Court must decide is whether this difference in treatment violates the Equal Protection Clause of the Fourteenth Amendment.

■ The standard of review the Court must apply in this case is the rational basis test. The statute in question must be upheld if the resulting difference in treatment between the two groups is rationally related to a legitimate state interest. *United States Department of Agriculture v. Moreno*, 413 U.S. 528, 533, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973). The United States Supreme Court has stated that

> [i]n the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality."

*Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), quoting in part from *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911). However, if the difference in treatment involves denial of all aid rather than allocation of amounts of aid, the courts will more closely examine the rationality of the underlying classifications. *Medora v. Colautti*, 602 F.2d 1149, 1154 (3d Cir. 1979). If the relationship between the classification and the attainment of a legitimate governmental interest is found to be irrational, the challenged classification must fail. *United States Department of Agriculture v. Murry*, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973); *United States Department of Agriculture v. Moreno, supra.*

■ In this case, the defendants claim that the challenged classification is rationally related to a legitimate state interest because it allocates a limited amount of funding to the state's most needy citizens. Medical Assistance recipients do not receive any other general welfare benefits from the Missouri Division of Family Services, and the defendants argue that by limiting Utilicare recipients to the disabled who are receiving benefits from the public assistance programs set forth in the statute, Section 660.100 assures that the funds are allocated to the people in most need.

There is no question that the allocation of limited state funds to the most needy citizens is a legitimate state interest. For at least two reasons, however, the challenged classification is not rationally related to furthering this state interest.

First, Section 660.100 has defined need. To be eligible for Utilicare benefits, an applicant's income for the preceding calendar year cannot exceed $7,500. The Court finds no reason why this requirement alone cannot adequately assure the state legislature that only the neediest citizens will be benefited by this program. The plaintiff class have met this need requirement and they are, in fact, as needy as the Utilicare recipients.

Second, and most importantly, some of the public assistance programs listed in Section 660.100 are not based on need. For example, Social Security disability insurance benefits are not awarded on the basis of need. Even the affluent are entitled to receive these benefits if otherwise eligible. The mere fact that someone is receiving public assistance from the listed state and federal programs does not necessarily mean they are in greater need than someone who is only receiving Medical Assistance. As a result, the state goal of allocating Utilicare funds to the most needy is actually frustrated by the challenged classification.

For the foregoing reasons, this Court finds that the challenged classification does not rationally further any state interest, and, therefore, Section 660.100 violates the Equal Protection Clause of the Fourteenth Amendment. Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is denied. It is further

ORDERED that plaintiff's motion for class certification is sustained. It is further

ORDERED that plaintiff's motion for summary judgment is sustained and the defendants are permanently enjoined from denying Utilicare benefits to the plaintiff class. It is further

ORDERED that the plaintiff's attorneys are to submit an application for their attorneys' fees within fifteen (15) days from the date of this order. Defendants are to respond to this application within five (5) days thereafter. Costs are assessed against the defendants.