Carolyn **RANSCHBURG, individually and on behalf of all other persons similarly situated, Appellee,**

v.

Barrett **TOAN, Director, Missouri Department of Social Services, and James Moody, Director, Missouri Division of Family Services, Appellants.**

No. 82–1847.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1983.

Decided June 8, 1983.

**1208**

Richard Chase Legal Services of Eastern Missouri, Inc., St. Louis, Mo., for appellees.

John Ashcroft Atty. Gen., Scott A. Woodruff Asst. Atty. Gen., Jefferson City, Mo., for appellants.

---

* The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

2. *See* Mo.Ann.Stat. §§ 660.100.1, .105, .115 (Vernon Supp.1983).

Before ARNOLD and BENNETT,* Circuit Judges, and HENLEY, Senior Circuit Judge.

BENNETT, *Circuit Judge.*

This is an appeal from an order of the district court,[1] 540 F.Supp. 745 (W.D.Mo. 1982), granting a permanent injunction against the Missouri State Director of the Department of Social Services and the Director of the Division of Family Services from denying Utilicare benefits, Mo.Ann. Stat. §§ 660.100–.135 (Vernon Supp.1983), to plaintiff-appellee and others similarly situated. The basis for granting the injunction was that the Missouri Utilicare statute violated the Equal Protection Clause of the Fourteenth Amendment. For the reasons that follow, we affirm the order of the district court.

### I. *Background.*

The Missouri Utilicare program provides financial assistance of up to $150 per year for the primary heating source to heads of households or their spouses who are "elderly" or "disabled" and whose incomes do not exceed $7,500 for the prior calendar year.[2] The term "elderly" is defined in the statute to include all persons "having reached the age of sixty-five."[3] Mo.Ann.Stat. § 660.-100.2 (Vernon Supp.1983). On the other hand, the term "disabled" is defined to include only those "totally and permanently disabled or blind" persons[4] who happen to be receiving one of the following types of public assistance benefits: (1) federal social security disability benefits, (2) federal supplemental security income benefits, (3) veterans administration benefits, (4) state blind pension pursuant to sections 209.010 to 209.160 of the Revised Statutes of Missouri (RSMo), (5) state aid to blind persons

---

3. The application of the Utilicare program to the elderly is not an issue in this litigation.

4. Throughout this opinion the term "disabled" refers to the blind or disabled.

pursuant to section 209.240, RSMo, or (6) state supplemental payments pursuant to section 208.030, RSMo. *Id.*

The Missouri legislature's reason for limiting the class of disabled persons who may receive Utilicare benefits is not apparent from the face of the statute and no legislative history is available.[5] We note, however, that a common feature of the programs listed in section 660.100.2 is that only the aged or disabled may receive benefits under these programs.

The plaintiff-appellee is a totally and permanently disabled person whose income did not exceed $7,500 for the calendar year 1980. Although she did not receive benefits under any of the statutorily enumerated programs, she was a participant in Missouri's Medical Assistance program. This program provides financial assistance with medical bills to certain needy individuals. Although this program is not limited to the aged or disabled, they are included among the eligible recipients. *See* Mo.Ann.Stat. § 208.151 (Vernon Supp.1983). As the parties here stipulated, disabled persons who receive Medical Assistance benefits have been determined to be disabled under standards as restrictive as the federal standards for disability under the Social Security or the Supplemental Security Income disability statutes. These federal standards have been adopted by Missouri for the purpose of determining disability for Medical Assistance eligibility.

Because appellee received benefits under the Medical Assistance program rather than under one of the public benefit programs listed in section 660.100.2 of the Utilicare statute, her application for Utilicare benefits was denied by the Missouri Division of Family Services. As a result, appellee brought this action under 42 U.S.C. § 1983 (Supp. V 1981) on her behalf, and on behalf of all others similarly situated,[6] against the

defendants-appellants Barrett Toan, Director of the Missouri Department of Social Services, and James R. Moody, Director of the Missouri Division of Family Services. She sought declaratory and injunctive relief against the defendants' policy of excluding needy, disabled recipients of medical assistance from eligibility for Utilicare benefits solely because they did not receive benefits under one of the statutorily enumerated programs. The district court held that the challenged classification did not rationally further a legitimate state interest, and that therefore the Utilicare statute violated the Equal Protection Clause of the Fourteenth Amendment. The court thus permanently enjoined the defendants from denying Utilicare benefits to the plaintiff class and denied defendants' motion for summary judgment.

II. *Discussion.*

In the area of economics and social welfare, traditional equal protection analysis requires that the state establish that the challenged classification is rationally related to some legitimate governmental interest. *See, e.g., United States Department of Agriculture v. Moreno,* 413 U.S. 528, 533, 93 S.Ct. 2821, 2825, 37 L.Ed.2d 782 (1973); *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491 (1970); *Medora v. Colautti,* 602 F.2d 1149, 1152 (3d Cir.1979); *Alcala v. Burns,* 545 F.2d 1101, 1104 (8th Cir.1976), *cert. denied,* 431 U.S. 920, 97 S.Ct. 2187, 53 L.Ed.2d 232 (1977). On this test the parties are in agreement, but not on its application to the facts of this case.

█] Although the apparent purpose of the Utilicare statute is to help the needy disabled with their home heating bills, *see* Mo.Ann.Stat. § 660.100.1, the Missouri legislature has limited the class of needy, disabled persons who may receive Utilicare

---

**5.** The Missouri legislature does not maintain any formal legislative history.

**6.** The appellee represents a class of 56 needy individuals who were receiving Medical Assistance benefits on the basis of a permanent and total disability, and who were denied Utilicare

benefits because they were not receiving benefits under one of the programs listed in section 660.100.2 of the Utilicare statute. The district court certified the class under Fed.R.Civ.P. 23. Class certification was not opposed before the district court and is not challenged on appeal.

benefits to those needy, disabled persons who receive benefits under one of the public assistance programs listed in section 660.-100.2 of the statute. All other needy and disabled persons are ineligible for Utilicare benefits. Appellee contends that this statutory classification, as applied to the class she represents, is not rationally related to a legitimate governmental interest. As noted by the district court, the only distinction between the group of persons who are eligible to receive Utilicare benefits and the plaintiff class is that members of the plaintiff class were receiving Medical Assistance benefits instead of public assistance benefits under one of the programs listed in section 660.100.2. *See* 540 F.Supp. at 748. Whether this classification was the result of oversight or the legislature's considered judgment is perhaps arguable. In deference to the legislature we will assume it was deliberate.

Appellants, of course, now contend that the resulting difference in treatment between the two groups is rationally related to a legitimate state interest. During the course of this litigation, they have advanced three reasons why this classification is "rationally based." First, before the district court, they contended that the challenged classification was rationally based because it allocated a limited amount of funding to the state's most needy citizens. *Id.* Although the district court found the allocation of limited state funds[7] to the most needy to be a legitimate state interest, it did not believe that the challenged classification was rationally related to furthering this state interest. *Id.* at 749. The court first noted that it saw no reason why the Utilicare statute's income requirement (an applicant's income for the preceding .calendar year cannot exceed $7,500) could not adequately assure that only the neediest citizens would be benefited by this program. *Id.* The court also noted that some

of the public assistance programs listed in section 660.100.2 are not even based on need. Thus, "[t]he mere fact that someone is receiving public assistance from the listed state and federal programs does not necessarily mean that they are in greater need than someone who is only receiving Medical Assistance." *Id.*

For the reasons given by the trial judge, we agree with his conclusion that the challenged classification is not rationally related to the state's interest in allocating funds to its most needy citizens. Apparently, the appellants are also persuaded by the trial judge's reasoning on this point, as they do not repeat this argument on appeal.[8] Instead, on appeal, two new arguments are advanced to justify the statutory classification. Both arguments are unpersuasive.

■ Appellants' second argument, and the first on appeal, is that the Utilicare statute was designed as a supplemental income program, and that the legislature intended to augment only those public assistance programs listed in section 660.100.2 of the Utilicare statute. It is contended that the legitimate state interest here is the state's right to supplement its welfare programs as it chooses. We do not doubt that the states should be given a great deal of discretion to design their welfare programs and great latitude in dispensing their available funds. *See Dandridge,* 397 U.S. at 478, 90 S.Ct. at 1158. As the Supreme Court has stated:

In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." * * * "The problems of government are practical ones and

---

7. "Funds for the utilicare program may come from state, federal, or other sources." Mo. Ann.Stat. § 660.120.1. In this case, the parties stipulated that the program was funded by the state.

8. In the district court, the appellants were represented by the Office of the General Counsel for the Missouri Department of Social Services. On appeal, the appellants are represented by the Office of the Attorney General of Missouri.

may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific." * * * "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." * * *

*Id.* at 485, 90 S.Ct. at 1161 (citations omitted).

■ Although states may have great discretion in the area of social welfare, they do not have unbridled discretion. They must still explain why they chose to favor one group of recipients over another. Thus, it is untenable to suggest that a state's decision to favor one group of recipients over another by itself qualifies as a legitimate state interest. An intent to discriminate is not a legitimate state interest. As observed by the Court of Appeals for the Third Circuit:

> Various commentators have observed that it is always possible to hypothesize that the purpose underlying a classification is the goal of treating one class differently from another. A statute's classifications will invariably be rationally related to a purpose so defined, since the "purpose" is, in effect, a restatement of the classification. To engage in such hypothesizing, however, would render the rational basis standard no standard at all.

*Delaware River Basin Commission v. Bucks County Water & Sewer Authority,* 641 F.2d 1087, 1099–1100 (3d Cir.1981).

Therefore, we cannot accept the state's contention that the challenged classification is rationally based because the legislature chose to provide Utilicare benefits to some totally disabled persons, but not to others, i.e., that it did what it intended to do. To accept this reasoning would, in effect, render the rational basis test a nullity and would "suspend the operation of the Equal Protection Clause in the field of social welfare law." *Hagans v. Lavine,* 415 U.S. 528, 539, 94 S.Ct. 1372, 1380, 39 L.Ed.2d 577 (1974).

Appellants' final argument is that the legislature rationally excluded the Medical Assistance program from the statutory scheme because participation in the program is not a reliable indicator of disability, as is participation in the statutorily enumerated programs. It is contended that all the public benefit programs listed in the Utilicare statute are disability based, i.e., they all require an applicant to be blind or disabled in order to receive benefits.[9] On the other hand, the Medical Assistance program has no such requirement, although certain categories of eligible recipients include the disabled.

We do not believe that the mere presence of this distinction, however, renders the legislature's classification rationally based. The state must still explain how the exclusion of disabled Medical Assistance recipients from the statutory scheme is rationally related to a legitimate governmental interest. The state seems to be suggesting that because participation in the Medical Assistance program is not a reliable indicator of disability (i.e., the program is not 100 percent disability based), it would have been administratively inconvenient to include this program in the statutory scheme. This simply is not the case. As stated earlier, the disabled recipients of Medical Assistance benefits have been determined to be disabled under standards as restrictive as those used in the statutorily enumerated programs. This is stipulated. Thus, if the Medical Assistance program were included

**9.** This is not so. Some of the programs listed in the Utilicare statute also permit the aged to receive benefits. *See* 42 U.S.C. § 1382(a) (1976) (Federal Supplemental Security Income); Mo.Ann.Stat. § 208.030.1 (Vernon Supp.1983) (Missouri Supplemental Welfare Assistance). This fact, however, does not detract from the appellants' argument, as the aged are also eligible for Utilicare benefits. But it would have been more accurate to say that the benefit programs listed in the Utilicare statute permit only the aged or disabled to receive benefits, while the Medical Assistance program is not limited to the aged or disabled. Thus, the appellants' argument would be that participation in the statutorily enumerated programs is a reliable indicator of eligibility for Utilicare benefits, while participation in the Medical Assistance program is not. For the reasons given *infra,* this modified version of the state's argument is also without merit.

in the statutory scheme, the Missouri Department of Social Services would not be required to make individualized disability determinations for Medical Assistance recipients. It would only be necessary to inquire whether the applicant for Utilicare received Medical Assistance benefits because he was disabled, or for some other reason. This is no more burdensome than asking applicants for Utilicare whether they receive benefits under one of the public assistance programs listed in the statute. Thus, the fact that the Medical Assistance program is not 100 percent disability based, does not mean that it would have been administratively inconvenient to include this program in the statutory scheme. Appellants' counsel admitted as much during oral argument. Therefore, we hold that, with respect to disabled Medical Assistance recipients, the challenged classification is not rationally related to the *alleged* state interest in administrative convenience.[10]

III. *Conclusion.*

Aware that our function is to adjudicate and not to legislate, we have reviewed the Utilicare legislation with great deference. In this case, the appellants advanced three reasons why they believe the statutory classification is rationally based. But, after careful review, we find that the relationship between the classification and the asserted state interests is "wholly without any rational basis"; therefore, the challenged classification must fail. *See Moreno,* 413 U.S. at 538, 93 S.Ct. at 2827. Accordingly, the order of the district court, enjoining the appellants from denying Utilicare benefits to appellee and all others similarly situated, is affirmed.

---

**10.** Of course, a different analysis would apply if the plaintiff class consisted of individuals who had not been determined to be disabled under some acceptable process, thereby requiring the Department of Social Services to make individualized determinations of disability. In that situation, the court would have to decide whether administrative convenience is a legitimate state interest. *See Medora v. Colautti,* 602 F.2d 1149, 1153 & n. 9 (3d Cir.1979). But this issue need not be decided here.