OKLAHOMA ASSOCIATION FOR EQUI-
TABLE TAXATION, an Oklahoma cor-
poration, for itself and all other resident
sales tax taxpayers of the City of Okla-
homa City similarly situated, Appellant,

v.

The CITY OF OKLAHOMA CITY,
Oklahoma; a municipal
corporation, Appellee.

No. 85287.

Supreme Court of Oklahoma.

June 20, 1995.

Rehearing Denied Sept. 14, 1995.

Robert P. Legg, A. Daniel Woska, Oklahoma City, for appellant.

Kenneth D. Jordan, MaryLu T. Gordon, Asst. Mun. Counselors, City of Oklahoma City, Oklahoma City, for appellee.

KAUGER, Vice Chief Justice:

Two challenges[1] are presented by the ac-

---

1. The taxpayer does not argue that the MAPS Ordinance is not a tax levied for a public purpose. Instead, the taxpayer originally asserted that the MAPS Refund Provision violated the public purpose requirement of the Okla. Const. art. 10, § 14 for the expenditure of tax dollars. However, this argument was waived in the taxpayer's response to the City's motion for summary judgment and response to the City's counter motion for summary judgment. The response provides in pertinent part at pp. 23–24:

"... 5. *The Constitutional Public Purpose Requirement.* ... [T]he Plaintiff would generally agree with the Defendant's conclusion (R.B., at page 44) that the **Rebate** does not in fact involve an 'expenditure' of public monies...." (Emphasis in original.)
The Okla. Const. art. 10, § 14 provides in pertinent part:
"Taxes shall be levied and collected by general laws, and for public purposes only, except that

celerated cause:[2] 1) whether the MAPS Refund Provision[3] violates the uniformity requirement of 68 O.S.1991 § 2701(A);[4] and 2) whether the Refund Provision conforms with equal protection provisions.[5] We find that the MAPS Refund Provision is consistent with statutory law and with state and federal equal protection guarantees.

## UNDISPUTED FACTS

On October 13, 1993, the appellee's, City of Oklahoma City, Oklahoma (City), City Council passed Ordinance No. 20,045 (MAPS Ordinance) which was approved by the voters in a city-wide special election. The MAPS Ordinance amended the City tax code by levying an additional one percent (1%) excise tax on the gross proceeds or gross receipts derived from all taxable sales. The additional levy is earmarked for certain City improvement projects. Section 52–20.3(F)[6] of the MAPS Ordinance is a refund provision (MAPS Refund Provision) granting Oklahoma City residents over sixty-five the right to a refund of all or a part of the sales tax paid by them during a calendar year. The annual refund is limited to $32.00 per person.

The taxpayer/appellant filed an action for declaratory judgment and permanent injunction on February 14, 1995, challenging the MAPS Refund Provision. Relying on undisputed facts, the taxpayer filed a motion for summary judgment. The City responded with a counter-motion seeking the same relief. The trial court found that the MAPS

---

taxes may be levied when necessary to carry into effect Section thirty-one of the Bill of Rights...."
We note that in *In re Initiative Petition No. 315*, 649 P.2d 545, 549 (Okla.1982) (Petition relating to para-mutual horse racing.), this Court found that inasmuch as only one third of the total proceeds of a tax on pari-mutuel tickets were intended to be paid to the State general revenue fund and the other two-thirds were to be retained by the licensee, the two-thirds was not a "tax" within the meaning of art. 10, § 14. We do not determine here whether the portion of the tax collected and refunded under the MAPS Ordinance is a "tax" within the meaning of art. 10, § 14.

2. Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

3. Oklahoma City Ordinance No. 20,045, § 52–20.3(F) (10/14/93) provides in pertinent part:
   "... (F) Refunds of the additional limited-term excise tax levied under Subsection 52–20.3(A) above are hereby authorized in accordance with the following provisions:
   (1) A person who is a resident of The City of Oklahoma City, who actually paid the additional limited-term excise tax of one percent (1%) levied under Subsection 52–20.3(A) above, and who was a senior citizen at all times during the calendar year in which the tax was paid, may file a claim with The City for a refund of tax payments made during the applicable calendar year. Only one refund claim shall be filed or allowed per person per calendar year. The amount of any refund allowed hereunder shall not exceed Thirty–Two Dollars ($32.00) per person per calendar year....
   (3) No person shall be entitled to a refund based on a claim filed under Subsection 52–20.3(F)(1) above unless there shall be attached to and made a part of such claim

a statement, signed under the penalty of perjury, on a form approved by Council and provided by the Director, containing appropriate certifications to verify said claim.

   .    .    .    .    .

   (7) The following words, terms, and phrases when used in this Subsection 52–20.3(F) shall have the meanings ascribed to them below:
   ... (c) 'Senior citizen' shall mean a person sixty-five (65) years of age or older...."

4. Title 68 O.S.1991 § 2701(A) provides in pertinent part:
   "A. Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes. Provided, taxes shall be uniform upon the same class subjects, and any tax, charge, or fee levied upon or measured by income or receipts from the sale of products or services shall be uniform upon all classes of taxpayers ..."

5. The United States Const., amend. XIV provides in pertinent part:
   "... No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws...."
   The Okla. Const. art. 2, § 7 provides:
   "No person shall be deprived of life, liberty, or property, without due process of law."

6. Oklahoma City Ordinance No. 20,045, § 52–20.3(F) (10/14/93), see note 3, supra.

Ordinance did not violate the tax rate uniformity requirement of 68 O.S.1991 § 2701(A) [7] or the requirement of the Okla. Const. art. 10, § 14 [8] that taxes be collected for a public purpose. On March 23, 1995, the taxpayer filed a motion for temporary injunction pending appeal. After an adversary hearing before the referee, we denied the requested relief and ordered the cause to proceed pursuant to Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2. The taxpayer and the City were granted permission to file supplementary briefs. The final brief was filed on April 12, 1995.

## I.

### PURSUANT TO TITLE 68 O.S.1991 § 2701(A), A CITY MAY CREATE CLASSES OF TAXPAYERS FOR THE PURPOSE OF THE LEVY AND COLLECTION OF MUNICIPAL SALES TAXES.

The taxpayer argues that the MAPS Refund Provision violates 68 O.S.1991 § 2701(A) [9] which provides that taxes received from sales shall be uniform upon all classes of taxpayers. This assertion is based on the premise that by allowing taxpayers over sixty-five to apply for a maximum refund of $32.00, this class is being taxed at a rate different from younger taxpayers. The

City asserts that the Legislature intended in § 2701(A) to allow municipalities to classify taxpayers for sales tax purposes and to assess a uniform tax within each class of taxpayers established by the taxing ordinance. We agree.

■ The determination of legislative intent controls statutory interpretation.[10] The intent is ascertained from the whole act based on its general purpose and objective.[11] In construing statutes, relevant provisions must be considered together whenever possible to give full force and effect to each.[12] To ascertain intent, we look to the language of the pertinent statute.[13] We presume that the Legislature intends what it expresses.[14] Except when a contrary intention plainly appears, terms are given their plain and ordinary meaning.[15]

Title 68 O.S.1991 § 2701(A) provides in pertinent part:

"A. Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes. Provided, taxes shall be uniform upon the same class subjects, and any tax, charge or fee levied upon or measured by income or receipts from the

---

7. Title 68 O.S.1991 § 2701(A), see note 4, supra.

8. Okla. Const. art. 10, § 14 provides:
   "Taxes shall be levied and collected by general laws, and for public purposes only, except that taxes may be levied when necessary to carry into effect Section thirty-one of the Bill of Rights. Except as required by the Enabling Act, the State shall not assume the debt of any county, municipal corporation, or political subdivision of the State, unless such debt shall have been contracted to defend itself in time of war, to repel invasion, or to suppress insurrection."

9. Title 68 O.S.1991 § 2701(A), see note 4, supra.

10. McSorley v. Hertz Corp., 885 P.2d 1343, 1346 (Okla.1994); Smicklas v. Spitz, 846 P.2d 362, 366 (Okla.1992); Clifton v. Clifton, 801 P.2d 693, 696 (Okla.1990).

11. McSorley v. Hertz Corp., see note 10, supra; Oglesby v. Liberty Mut. Ins. Co., 832 P.2d 834,

839 (Okla.1992); Smicklas v. Spitz, see note 10 at 366, supra.

12. Haney v. State, 850 P.2d 1087, 1089 (Okla. 1993); Public Serv. Co. of Oklahoma v. State ex rel. Corp. Comm'n, 842 P.2d 750, 752 (Okla. 1992).

13. McSorley v. Hertz Corp., see note 10, supra; Tate v. Browning–Ferris, Inc., 833 P.2d 1218, 1228, 21 A.L.R.5th 831, 847–48 (Okla.1992); State ex rel. Macy v. Freeman, 814 P.2d 147, 153 (Okla.1991).

14. Oglesby v. Liberty Mut. Ins. Co., see note 11, supra; Fuller v. Odom, 741 P.2d 449, 453 (Okla. 1987); Darnell v. Chrysler Corp., 687 P.2d 132, 134 (Okla.1984).

15. Anson Corp. v. Hill, 841 P.2d 583, 585 (Okla. 1992); Tate v. Browning–Ferris, Inc., see note 13, supra; Oglesby v. Liberty Mut. Ins. Co., see note 11 at 840, supra.

sale of products or services shall be uniform upon all classes of taxpayers ..."

At issue here is the portion of the statute providing that "taxes shall be uniform upon the same class subjects, and any tax, charge, or fee levied upon or measured by income or receipts from the sale of products or services shall be uniform upon all classes of taxpayers." The taxpayer and the City agree that the first portion of this phrase indicates that a municipality may create different classes of taxpayers. However, the taxpayer insists that the second phrase requires sales taxes to be uniformly imposed upon all taxpayers while the City argues that sales taxes need only be uniform upon each individual class of taxpayer.

The first sentence of § 2701(A)[16] clearly provides that a municipality may levy and collect taxes, with the exception of ad valorem property taxes, **in the same manner as the Legislature assesses, levies and collects taxes for general and special purposes.** The Legislature has created classes of taxpayers for purposes of state income tax[17] and for exemptions from state sales tax.[18] In some instances, this is accomplished in a procedure similar to the one a qualified person must follow under the MAPS Refund Provision[19]—a party in the taxpayer class is assessed the tax and must apply for a refund.[20]

Construing the statute in the taxpayer's favor would require us to ignore language indicating that a municipality may levy and collect taxes in the same manner as the Legislature. It would also necessitate that we not acknowledge the Legislature's use of the term "classes" within the statute. The second sentence of § 2701(A) specifically provides that taxes shall be uniform upon the same class and that income and sales taxes shall be uniform upon **all classes.** The taxpayer asserts that the use of "all classes" in reference to the uniformity of income and sales taxes must be read to require identical tax responsibilities for all taxpayers. Although § 2701(A) may be inartfully drawn, we will not presume the Legislature did not intend to refer to taxpayers as a class when it used that term rather than one referring to individual taxpayers.[21]

It is unnecessary to apply rules of construction to discern Legislative intent if the will is clearly expressed.[22] However, if an ambiguity exists, a statute will be given a reasonable construction—one that will avoid absurd consequences while preserving legislative intent.[23] Further, we will not presume that the Legislature acted in vain in promulgating a statute.[24] The language of

---

**16.** Title 68 O.S.1991 § 2701(A), see note 4, supra.

**17.** See, 68 O.S.Supp.1992 § 2355 (Heading of statute provides: "Tax imposed—Classes of taxpayers." The statute provides the methods for computing taxes based on income.).

**18.** See, 68 O.S.1991 §§ 1357.2 and 1357.3 (Sales tax refunds for tourism facilities.); 68 O.S.Supp. 1993 §§ 1357.4 and 1357.5 (Aircraft maintenance—sales of computers, data processing equipment, etc., sales tax refund); 68 O.S. § 1357.7 (Exemptions for the sale of horses.); 68 O.S.Supp.1993 §§ 1358 & 1358.1 (Sales tax exemptions for agriculture.); 68 O.S.Supp.1992 §§ 1359 and 1359.1 (Sales tax exemptions for manufacturers.); 68 O.S.Supp.1993 § 1360 (Sales tax exemptions for corporations and partnerships.). See also, 68 O.S.1991 § 5010 et seq. (Sales Tax Relief Act.).

**19.** Oklahoma City Ordinance No. 20,045, § 52–20.3(F) (10/14/93), see note 3, supra.

**20.** See, 68 O.S.1991 § 1357.3(E) (Refunds for tourism facilities.); 68 O.S.Supp.1993 § 1357.4(D) (Refunds affecting aircraft maintenance—sales of computers, data processing equipment, etc.); 68 O.S.Supp.1993 § 1359.1(D) (Sales tax refunds for manufacturers.).

**21.** See, *Oglesby v. Liberty Mut. Ins. Co.,* note 11, supra; *Fuller v. Odom,* note 14, supra; *Darnell v. Chrysler Corp.,* note 14, supra.

**22.** *Smicklas v. Spitz,* see note 10, supra; *Fuller v. Odom,* see note 14 at 452, supra; *Matter of Phillips Petroleum Co.,* 652 P.2d 283, 285 (Okla. 1982).

**23.** *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 20 (Okla.1992); *Berry v. Public Empl. Retirement Sys.,* 768 P.2d 898, 900–901 (Okla.1989); *Grand River Dam Auth. v. State,* 645 P.2d 1011, 1019 (Okla.1982).

**24.** *TRW/Reda Pump v. Brewington,* see note 23, supra; *Farris v. Cannon,* 649 P.2d 529, 531 (Okla.1982); *Moral Ins. Co. v. Cooksey,* 285 P.2d 223, 227 (Okla.1955).

§ 2701(A) demonstrates a legislative intent to allow municipalities to create classes of taxpayers. We find that pursuant to 68 O.S. 1991 § 2701(A), a city may create classes of taxpayers for the purpose of the levy and collection of a municipal sales taxes.

## II.

**THE MAPS REFUND PROVISION, ALLOWING REFUNDS TO PERSONS SIXTY–FIVE AND OVER, DOES NOT VIOLATE EQUAL PROTECTION GUARANTEES AFFORDED BY THE UNITED STATES CONST. AMEND. XIV OR THE OKLA. CONST. ART. 2, § 7.**

The taxpayer asserts that the MAPS Refund Provision, allowing a potential refund of $32.00 to persons over the age of sixty-five, violates equal protection guarantees of the United States and the Oklahoma Constitutions.[25] He contends that the provision will not withstand an equal protection attack because the age-based classification is suspect, and because no legitimate governmental interest is advanced in its support. The City insists that the tax refund is rationally related to the amount of use persons over the age of sixty-five will enjoy from the MAPS Projects and that there is a legitimate reason for allowing a tax break to persons of retirement age.

▉ The Equal Protection Clause of the fourteenth amendment requires that no state "deny to any person within its jurisdiction the equal protection of the laws."[26] Due process protections encompassed within the Okla. Const. art. 2, § 7[27] are coextensive with those of its federal counterpart. The United States Constitution and the Oklahoma

Constitution each contain built-in anti-discrimination components which afford protection against unreasonable or unreasoned classifications which serve no important governmental interests.[28] The same equal protection component found in the fourteenth amendment of the United States Constitution is present in the due process clause of art. 2, § 7.[29]

The taxpayer relies on *Ranschburg v. Toan,* 709 F.2d 1207, 1210 (8th Cir.1983) for the proposition that the City's failure to state a legitimate reason for its classification renders the MAPS Ordinance unconstitutional. *Ranschburg* involved a classification of disabled persons for the receipt of benefits based on the public-assistance benefits they had received. The Eighth Circuit Court held that the Director of Social Services had failed to state a legitimate reason for classifying disabled people differently. *Ranschburg* is distinguishable from the instant cause in two respects. Here, although there are two classes established by the MAPS Refund Provision, all persons meeting the age qualification are treated the same—everyone over sixty-five has the opportunity to apply for the $32.00 annual refund.[30] Additionally, although the City may not have articulated a basis for the distinction based on age with clarity, it did argue before the trial court that policies favoring retirement-age senior citizens have been recognized as legitimate and it quoted from *Ware v. Idaho State Tax Comm'n,* 98 Idaho 477, 567 P.2d 423, 426 (1977), in which the Idaho court recognized the humanitarian and economic reasons in support of a tax refund limited to senior citizens.[31]

▉ Legislators are given especially broad latitude in creating classifications and

**25.** The United States Const., amend. XIV, see note 5, supra; Okla. Const. art. 2, § 7, see note 5, supra.

**26.** The United States Const. amend. XIV, see note 5, supra.

**27.** The Okla. Const. art. 2, § 7, see note 5, supra.

**28.** *DuLaney v. Oklahoma State Dept. of Health,* 868 P.2d 676, 685 (Okla.1993); *Fair School Finance Council v. State,* 746 P.2d 1135, 1148 (Okla.1987).

**29.** *Callaway v. City of Edmond,* 791 P.2d 104, 106 (Okla.1990); *Fair School Finance Council v. State,* see note 28, supra; *McKeever Drilling Co. v. Egbert,* 170 Okla. 259, 40 P.2d 32, 35 (1935).

**30.** Oklahoma City Ordinance No. 20,045, § 52–20.3(F) (10/14/93), see note 3, supra.

**31.** Response of Defendant to Plaintiff's motion for summary judgment & counter motion for summary judgment & brief-in-support, see pp. 45–48.

distinctions in tax statutes.[32] Unless a classification jeopardizes the exercise of a fundamental right or it makes a classification on an inherently suspect characteristic, a classification which rationally furthers a legitimate state interest will withstand an equal protection challenge.[33] Statutes are interpreted to avoid constitutional conflict, and all reasonable doubt is applied in favor of a statute's validity.[34] A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.[35]

In *State v. Morgan,* 30 Wis.2d 1, 139 N.W.2d 585, 587 (1966), the Wisconsin Supreme Court upheld a statute providing relief for persons sixty-five or over through a system of income tax credits and refunds. On the issue of the age classification, the Wisconsin Court stated:

> "... It would appear that the classification requiring special legislative treatment in the granting of relief to persons sixty-five or over is reasonable. The age of sixty-five is commonly accepted and recognized as that at which a large number of persons retire and *no longer in full measure are able to support themselves from current earnings.* It is an age that is widely accepted as the retirement age ..."

We agree with the Wisconsin court that, in the realm of taxation, there are reasonable and legitimate reasons for allowing tax relief to those persons over the age of sixty-five.[36] The City's classification of its citizens on the basis of age in the MAPS Refund Provision is rationally related to the legitimate interest of providing senior citizens whose income may be lower than younger taxpayers with tax relief. Therefore, we find that the MAPS Refund Provision, allowing refunds to persons sixty-five and over, does not violate equal protection guarantees afforded by the United States Const. amend. XIV or the Okla. Const. art. 2, § 7.

## CONCLUSION

The taxpayer does not seek to have the MAPS sales tax declared illegal or to halt the construction of any of the MAPS projects. The sole challenge presented is to the MAPS Refund Provision. We find that the Legislature intended in 68 O.S.1991 § 2701(A)[37] to allow municipalities to create classes of taxpayers for the purpose of the levy and collection of municipal sales taxes. We also hold that there are legitimate governmental reasons for upholding the age-based classification and that the MAPS Refund Provision, allowing refunds to persons sixty-five and over, does not violate equal protection guarantees afforded by the United States Const. amend. XIV[38] or the Okla. Const. art. 2, § 7.[39] However, this finding is based on the Oklahoma Constitution which provides bona fide, separate, adequate and independent grounds upon which we rest our holding.[40]

## AFFIRMED.

HODGES, LAVENDER, OPALA, SUMMERS and WATT, JJ., concur.

32. *Regan v. Washington,* 461 U.S. 540, 547, 103 S.Ct. 1997, 2002, 76 L.Ed.2d 129 (1983).

33. *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 2332, 120 L.Ed.2d 1 (1992); *Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439–441, 105 S.Ct. 3249, 3254–55, 87 L.Ed.2d 313 (1985); *New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–17, 49 L.Ed.2d 511 (1976).

34. *City of Oklahoma City v. Oklahoma Tax Comm'n,* 789 P.2d 1287, 1292 (Okla.1990); *Fair School Finance Council v. State,* see note 28 at 1150, supra; *Price v. Reed,* 725 P.2d 1254, 1261 (Okla.1986).

35. *McGowan v. State of Maryland,* 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961). See also, *Madden v. Commonwealth of Kentucky,* 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590, 593 (1940).

36. See also, *Doran v. Cullerton,* 51 Ill.2d 553, 283 N.E.2d 865, 867–68 (1972) in which the Illinois Supreme Court found that a homestead exemption for persons sixty-five years of age or older was valid, notwithstanding claims of unconstitutionality on grounds that the act created an irrational and unreasonable classification of landowners on the basis of age.

37. Title 68 O.S.1991 § 2701(A), see note 4, supra.

38. The United States Const. amend. XIV, see note 5, supra.

39. The Okla. Const. art. 2, § 7, see note 5, supra.

40. *Michigan v. Long,* 463 U.S. 1032, 1042, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201, 1214 (1983).

HARGRAVE, J., concurs in result.

ALMA WILSON, C.J. and SIMMS, J., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. The fundamental structure of the MAPS refund provision is flawed because it is not based on a tax exemption or tax credit. I have not found any authority which supports a tax refund standing alone, and the majority cites none. Every statutory scheme for a refund of this nature is founded on an explicit exemption from payment of the tax.

As the majority points out, the legislature has created certain classes of taxpayers who are entitled by statute to receive a refund of sales tax paid based on statutory exemptions, but the majority does not perceive the significance of this difference. Title 68 O.S.1991 §§ 1357.2–1357.5 provide for sales tax refunds for specified sales relating to qualified aircraft maintenance or repair facilities and tourism facilities and also for certain sales of computers and data processing equipment. Those refunds, however, are based on the statutory exemption provided by 68 O.S.1991 § 1357 and were implemented by the legislature "in order to *administer the exemption* for [those] sales". Sections 1357.2–1357.5. In the ordinance before us there is *no* exemption which is administered or effectuated by the refund.

It is fundamental that property is never exempt from taxation except by specific and definite provisions of the law and that the legislature cannot grant an exemption from taxation except as provided by the constitution. *Wenner v. Mothersead,* 129 Okl. 273, 264 P. 816 (1928); *Independent School Dist. No. 9 v. Glass,* 639 P.2d 1233 (Okl.1982). Also, exemptions are never implied; statutes exempting property from taxation are to be strictly construed against granting exemptions. *Autumn House v. State, ex rel., Tax Commission,* 814 P.2d 1036 (Okl.1991); *Mc-Donald's Corp. v. Oklahoma Tax Commission,* 563 P.2d 635 (Okl.1977).

The absence of an underlying exemption is not a mere technicality; it violates basic tenets of taxation law. I am concerned about the Court's approval of this unprecedented refund provision without consideration of these underlying issues.

I am authorized to state that Chief Justice WILSON joins with me in the views expressed herein.