Dear Executive Director Kelsey,
¶ 0 This office has received your request for an Attorney General Opinion addressing, in effect, the following question:
Is a health care practitioner denominated as an "advancedunlicensed assistive person" under 59 O.S. 1991 and Supp. 1997,§§ 567.1-567.17, "licensed" for purposes of invoking theexclusion found at 59 O.S. Supp. 1997, § 2042[59-2042] in theRespiratory Care Practice Act?
¶ 1 The "practice of respiratory care" is defined in the Respiratory Care Practice Act, 59 O.S. Supp. 1997, §§ 2026-2045[59-2026-2045]
("the RCP Act") to:
 [I]nclude, but not be limited to, the direct and indirect respiratory care services including but not limited to the administration of medical gases, pharmacological, diagnostic, and therapeutic agents and services related to respiratory care procedures necessary to implement and administer treatment, ventilatory support, maintenance of the airway via natural or artificial means, specimen collection, disease prevention, pulmonary rehabilitation, or diagnostic regimen, prescribed by order of a physician; observing monitoring signs and symptoms, physiologic measurements of the cardiopulmonary system, general behavior, general physical response to respiratory care treatment and diagnostic testing, including determination of whether such signs, symptoms, reactions, behavior or general response exhibit abnormal characteristics; and implementation based on clinical observations, of appropriate reporting, referral, respiratory care protocol, or changes in treatment, pursuant to a prescription by a person authorized to practice medicine under the laws of this state; or the initiation of emergency procedures under the rules of the Board or as otherwise permitted in the Respiratory Care Practice Act. The practice of respiratory care shall also include the terms" inhalation therapy" and "respiratory therapy."
59 O.S. Supp. 1997, § 2027[59-2027](2).
¶ 2 Although the practice of respiratory care is limited by statute to practitioners licensed under the RCP Act, the RCP Act expressly provides that "nothing in the Respiratory Care Practice Act shall interfere with the practices of health care personnel who are formally trained and licensed by appropriate agencies of this state." 59 O.S. Supp. 1997, § 2042[59-2042](C).
¶ 3 An "advanced unlicensed assistive person" ("AUAP") is a person who has successfully completed a task-oriented training program developed by representatives from various State agencies and professional associations[1] and approved by the Oklahoma Board of Nursing. 59 O.S. Supp. 1997, § 567.3a[59-567.3a](13). That section of the Oklahoma Nursing Practice Act continues as follows:
 Any person who has successfully completed the certification training program provided for in this paragraph shall be certified by the [Nursing] Board as an advanced unlicensed assistive person and as such, shall be qualified to assist a licensed nurse in providing patient or client care as defined in rules promulgated by the [Nursing] Board.
59 O.S. Supp. 1997, § 567.3a[59-567.3a](13).
¶ 4 The rules of the Nursing Board at OAC 485:10-10-1 to485:10-19-8 set forth in detail the certification training program for AUAPs, the requirements and fees for certification and re-certification, and the grounds for disciplinary action or denial of certification for AUAPs.
¶ 5 We have assumed for purposes of this Opinion that the Nursing Board has certified AUAPs to perform certain tasks, including the administration of aerosol medication, which appear to fall exclusively within the practice of respiratory care. Such a practice is permitted under the plain language of the RCP Act only if the certification received by the AUAPs is the equivalent of licensure because an agency cannot by rule expand its powers beyond those statutorily granted. Oklahoma State Board ofMedical Licensure and Supervision v. Migliaccio, 917 P.2d 483,486 (Okla.Ct.App. 1996), citing Marley v. Cannon,618 P.2d 401 (Okla. 1980).
¶ 6 While it appears from Nursing Board regulations that AUAPs receive formal training and certification similar to professions that are licensed, the terms in a statute must be given their plain and ordinary meaning, and laws on the same subject must be construed with reference to each other. Oklahoma Association forEquitable Taxation v. City of Oklahoma City, 901 P.2d 800, 803
(Okla. 1995); Cowart v. Piper Aircraft Corporation,665 P.2d 315, 317 (Okla. 1983). Further, a basic rule of statutory construction presumes that every statutory provision has been intended for some useful purpose and should be given effect.Curtis v. Board of Education of Sayre Public Schools,914 P.2d 656, 659 (Okla. 1995).
¶ 7 The plain and ordinary meaning of the language used in the AUAP statute unequivocally demonstrates that the Oklahoma Legislature did not intend "certified" and "licensed" to be used interchangeably in the AUAP legislation. Obviously, the Legislature did not intend to create a licensed "advancedunlicensed assistive person." When the terms "certified" and "licensed" are placed in context of the statutory enactment, equating the two terms results in an absurdity. A statutory construction that leads to an absurdity must be avoided.Ledbetter v. Oklahoma Alcoholic Beverage Law EnforcementCommission, 764 P.2d 172, 179 (Okla. 1988). To give effect to the express language of 59 O.S. Supp. 1997, § 567.3a[59-567.3a], the legislative enactment creating a certification program for AUAPs clearly categorizes AUAPs as "unlicensed" health care workers notwithstanding the certification program authorized in that same legislation.
¶ 8 The intent of the RCP Act is to reserve certain tasks to respiratory care practitioners so that a patient can be assured that a person who performs respiratory therapy is adequately trained, licensed and supervised in the field of respiratory therapy. The exception in the RCP Act cited above allows some overlap between the scopes of practice lawfully encompassed within other professional licensing acts, and therefore, speaks only to other licensed professionals. The Nursing Board cannot, through a regulatory certification program, cloak an advanced unlicensed assistive person with the vestment of licensure in order to expand the AUAP's scope of practice into areas falling exclusively within respiratory care therapy.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
A health care practitioner denominated as an "advancedunlicensed assistive person" under 59 O.S. 1991 and Supp. 1997,§§ 567.1 to 567.17, is not "licensed" for purposes of invokingthe exclusion found at 59 O.S. Supp. 1997, § 2042[59-2042] in theRespiratory Care Practice Act.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
SUSAN MOEBIUS HENDERSON ASSISTANT ATTORNEY GENERAL
[1] The State Department of Health, Oklahoma State Regents for Higher Education, State Department of Vocational and Technical Education, Oklahoma Board of Nursing, Oklahoma Hospital Association, Oklahoma Nurses Association, Nursing Home Association of Oklahoma, Oklahoma State Association of Licensed Practical Nurses and the Oklahoma Home Care Association. 59 O.S.Supp. 1997, § 567.3a[59-567.3a](13).