Dear Representative Balkman,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Are municipalities and counties in Oklahoma allowed to charge sales tax on goods and services that the State does not tax?
 Introduction
¶ 1 "Our Constitution vests the whole matter of taxation exclusively within the power of the Legislature as limited by the Constitution." City of Sand Springs v. Dep't of Pub. Welfare,608 P.2d 1139, 1148 (Okla. 1980). Article X, Section 20 of the Oklahoma Constitution provides:
 The Legislature shall not impose taxes for the purpose of any county, city, town, or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes.
Pursuant to this authority, the Legislature has enacted taxing authority for municipal government[1] and counties.[2]
 Municipal Government
¶ 2 Municipal taxation was approved by the Oklahoma Legislature in 1963. See 1963 Okla. Sess. Laws ch. 211, §§ 1-7 (codified at 68 O.S. Supp. 1963, §§ 1601-1606). Section 1 of the 1963 Okla. Sess. Laws ch. 211, provided:
 Any incorporated city or town in this State is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of State government, except ad valorem property taxes or any sales tax.
Id. In 1965 this session law was repealed and new legislation was enacted. See 1965 Okla. Sess. Laws ch. 430, §§ 1-8 (codified as amended at 68 O.S. 2001 Supp. 2002, §§ 2701 — 2706). Today 68 O.S. 2001, § 2701[68-2701](A) provides:
 Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes. Provided:
 1. Taxes shall be uniform upon the same class subjects, and any tax, charge, or fee levied upon or measured by income or receipts from the sale of products or services shall be uniform upon all classes of taxpayers;
 2. Motor vehicles may be taxed by the city or town only when such vehicles are primarily used or located in such city or town for a period of time longer than six (6) months of a taxable year;
 3. The provisions of this section shall not be construed to authorize imposition of any tax upon persons, firms, or corporations exempted from other taxation under the provisions of Sections 348.1, 624 and 321 of Title 36 of the Oklahoma Statutes, by reason of payment of taxes imposed under such sections;
 4. Cooperatives and communications companies are hereby authorized to pass on to their subscribers in the incorporated city or town involved, the amount of any special municipal fee, charge or tax hereafter assessed or levied on or collected from such cooperatives or communications companies;
 5. No earnings, payroll or income taxes may be levied on nonresidents of the cities or towns levying such tax;
 6. The governing body of any city or town shall be prohibited from proposing taxing ordinances more often than three times in any calendar year, or twice in any six-month period;
 7. Any revenues derived from a tax authorized by this subsection not dedicated to a limited purpose shall be deposited in the municipal general fund.
Id. (emphasis added). The legislative power to tax is found at Okla. Const. art. X, § 12 which provides:
 The Legislature shall have power to provide for the levy and collection of license, franchise, gross revenue, excise, income, collateral and direct inheritance, legacy, and succession taxes; also graduated income taxes, graduated collateral and direct inheritance taxes, graduated legacy and succession taxes; also stamp, registration, production or other specific taxes.
Id. Section 2701(A) of Title 68 allows municipalities to levy and collect taxes in the same manner as the Legislature. Seealso Okla. Ass'n for Equitable Taxation v. City of OklahomaCity, 901 P.2d 800, 805 (Okla. 1995) (holding that a city may create classes of taxpayers for the purpose of the municipal sales tax). With the exception of ad valorem taxes, municipalities can enact the same taxes as the Legislature is authorized to collect and levy.
¶ 3 While municipalities are authorized to impose any number of different taxes (i.e., income, estate, franchise, etc.), your question focuses only on sales taxes. The Oklahoma Tax Commission is authorized to enter into contracts with both cities and towns "whereby the Oklahoma Tax Commission shall have authority to assess, to collect and to enforce any taxes or, penalties or interest thereon, levied by such incorporated city or town, and remit the same to such municipality." 68 O.S. Supp. 2002, §2702[68-2702]. The agreement from the Oklahoma Tax Commission for collecting municipal sales taxes provides among other things:
 2. The Commission shall administer and shall enforce the Ordinance [levying a municipal sales tax] and shall collect the municipal sales tax, and the interest and penalties with respect thereto, as provided in the Ordinance and as herein provided. It is recognized and acknowledged that: (a) the Ordinance levies a municipal sales tax upon all sales with the Municipality which are subject to the state sales tax levied by Sections 1350 et seq. of Title 68 of the Oklahoma Statutes, hereinafter referred to as Oklahoma Sales Tax Code; (b) the term sale as used in the Ordinance has the same meaning as the term sale has in the Oklahoma Sales Tax Code; and (c) any sale exempt from state sales tax is exempt from the municipal sales tax, unless otherwise provided by the Oklahoma Sales Tax Code.
Agreement for Administration of the Sales Tax Ordinance of the City/Town of ________, p. 1 (copy on file with the Oklahoma Tax Commission) (hereinafter Model Agreement). All municipal sales taxes collected by the Oklahoma Tax Commission must conform to the Oklahoma Sales Tax Code.
¶ 4 Nothing prohibits a municipality from enacting a sales tax code different from the Oklahoma Sales Tax Code. At a minimum a sales tax code would require ordinances defining what transactions are taxable, what transactions are exempt, who collects the sales tax receipts, and when they are forwarded to the city treasurer. See 68 O.S. 2001 Supp. 2002, §§ 1350 — 1376. A municipal sales tax code different from the Oklahoma Sales Tax Code would not be subject to collection and enforcement by the Oklahoma Tax Commission under the present Model Agreement. The municipality could create its own reporting form and administer the collection and enforcement functions itself. The same restrictions against the State of Oklahoma imposing a sales tax (i.e., federal Constitution, Indian tribe, etc.) would apply to municipalities in creating their own sales tax code.
 County Government
¶ 5 It is well-settled law in Oklahoma that:
 A county being an involuntary, subordinate political subdivision of the state, . . . and possessed of a portion of the sovereignty, has no inherent powers but derives those powers solely from the state. All of the powers intrusted to it are the powers of the sovereignty which created it. Its duties are likewise the duties of the sovereignty.
Johnston v. Conner, 236 P.2d 987, 989 (Okla. 1951) (quotingHerndon v. Anderson, 25 P.2d 326, 329 (Okla. 1933)). The power to impose taxes is vested in the Legislature and delegated to the counties; that delegation of power carries with it the power to apportion the tax. Okla. Const. art. X, § 20; Herndon,25 P.2d at 329, 332-33. Title 68 O.S. Supp. 2002, § 1370[68-1370]
permits counties to impose a sales tax as follows:
 A. Any county of this state may levy a sales tax of not to exceed two percent (2%) upon the gross proceeds or gross receipts derived from all sales or services in the county upon which a consumer's sales tax is levied by this state.
. . . .
 C. All items that are exempt from the state sales tax shall be exempt from any sales tax levied by a county.
Id. (emphasis added). The Oklahoma Tax Commission and counties "are authorized to enter into a contract whereby the Tax Commission shall have authority to assess, collect, and enforce the sales tax, and any penalties or interest thereon, levied by such county, and to remit the same to the county." 68 O.S. 2001,§ 1371[68-1371]. The Oklahoma Tax Commission has a model agreement for counties just as it has for municipalities. See Agreement for Administration of the Sales Tax Ordinance of the County of ________(copy on file with the Oklahoma Tax Commission).
¶ 6 The statute authorizing counties to enact taxes is more restrictive than that provided for municipalities. See 68 O.S.Supp. 2002, § 1370[68-1370]. First, only sales taxes are authorized.[3] Id. § 1370(A). Second, only sales or services on which a state sales tax is levied can be taxed. Id.
Third, all items that are exempt from state sales tax are exempt from county sales taxes. Id. § 1370(C).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Regardless of whether goods and services are taxed by the State of Oklahoma, municipalities may enact their own sales tax code and charge sales tax on goods and services that the State of Oklahoma does not tax. Okla. Const. art. X, §§ 12, 20; 68 O.S. 2001, § 2701(A).
 2. Counties may impose a sales tax only on goods or services upon which a sales tax is levied by the State of Oklahoma and must exempt from sales tax those items that are exempt from sales tax by the State. Okla. Const. art. X, §§ 12, 20; 68 O.S. 2001, § 1370(A), (C).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] See 68 O.S. 2001 Supp. 2002, §§ 2701 — 2706.
[2] See 68 O.S. 2001 Supp. 2002, §§ 1370 — 1372.
[3] Counties having a population of less than two hundred thousand may levy a lodging tax pursuant to 68 O.S. Supp. 2002,§ 1370.9[68-1370.9](A).