Dear Pope
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following questions:
1. In light of the 1994 addition of the introductory clause tothe statute, "[e]xcept as otherwise provided by Section 954 ofthis title," does the language of 18 O.S. Supp. 1999, §953(C) provide an exemption from the Farming or RanchingBusiness Corporations Act, 18 O.S. 1991 and Supp. 1999, §§951-956 for "corporations engaging in food canning operations,food processing or frozen food processing insofar as suchcorporations engage in the raising of food products for aforesaidpurposes"?
 2. What are the definitions of "food processing" and "foodproducts" for purposes of the Farming or Ranching BusinessCorporations Act?
 I. Background
¶ 1 The Farming or Ranching Business Corporations Act (the Act), 18 O.S. 1991 and Supp. 1999, §§ 951-956, became law in 1971. See 1971 Okla. Sess. Laws ch. 310, §§ 1-4. Generally, the Act prohibits any foreign or domestic corporation formed under Oklahoma corporations law from engaging in farming or ranching, or owning or leasing any interest in land to be used in the business of farming or ranching. However, a domestic corporation can be formed under the Act subject to limitations and restrictions such as number of shareholders and the amount of unrelated income for the corporation. See 18 O.S. 1991, §951[18-951](A). The provisions of the Act are mandatory and corporations must comply if their activities are the types of activities specified in the Act. See 18 O.S. Supp. 1999, § 951[18-951]. Failure to comply with the Act carries severe penalties for a corporation. In addition to other penalties, the Act provides that if a corporation violates the Act, it may be required to divest itself of any landholdings held in violation of the Act.See 18 O.S. 1991 and Supp. 1999, §§ 952, 953(C) and 956(B).
¶ 2 The Act also contains several exceptions and exemptions to the general prohibition against corporations being organized or leasing land for farming or ranching purposes. Sections 953 and 954 contain the exemptions and exceptions relevant to your inquiry. Because determination of legislative intent is the goal of statutory construction (see Clifton v. Clifton,801 P.2d 693, 696 (Okla. 1990)) we shall examine these two provisions to ascertain the legislative intent.
 II. Statutory Construction of Sections 953(C) And 954 of Title 18 Oklahoma Statutes
¶ 3 Your first question focuses on Section 953(C) and Section 954, and the changes that occurred to these provisions in 1994.See 1994 Okla. Sess. Laws ch. 61, §§ 1, 2. Before 1994, the relevant portion of Section 953(C) read:
 The provisions of Sections 951 through 954 of this title shall not apply to corporations engaging in food canning operations, food processing or frozen food processing insofar as such corporations engage in the raising of food products for aforesaid purposes.
18 O.S. 1991, § 953[18-953](C). In 1994, the Legislature added the following introductory clause to Section 953(C): "Except asotherwise provided by Section 954 of this title." 18 O.S. Supp.1999, § 953[18-953](C) (emphasis added).
¶ 4 Thus one would assume that at least after the 1994 amendment, Section 954 would delineate those instances where the Act would apply to corporations. See 18 O.S. Supp. 1999, §954[18-954].
¶ 5 Prior to the 1994 amendments to the Act, Section 954 read:
 The provisions of this act, Section 951 et seq. of this title, shall not apply where a corporation, either domestic or foreign:
 1. engages in research and/or feeding arrangements or operations concerned with the feeding of livestock or poultry, but only to the extent of such research and/or feeding arrangements or such livestock or poultry operations; or
 2. engages in operations concerned with the production and raising of livestock or poultry for sale or use as breeding stock and including only directly related operations, such as breeding or feeding livestock or poultry which are not selected or sold as breeding stock; or
 3. engages in poultry and/or swine operations, including only directly related operations, such as operating hatcheries, facilities for the production of breeding stock, feed mills, processing facilities, and providing supervisory, technical and other assistance to any other persons performing such services on behalf of the corporation; or
 4. engages in forestry as defined by Section 1-4 of Title 2 of the Oklahoma Statutes; or
 5. whose corporate purpose is charitable or eleemosynary.
18 O.S. 1991, § 954[18-954]. Thus, until 1994, Section 954 did not bring any corporation exempt under Section 953(C) back under the Act.
¶ 6 In 1994, Section 954 was changed only by the addition of a new section:
 6. Presently engages in fluid milk processing within the State of Oklahoma or leases to a fluid milk processor so engaged; provided, this exception is limited to such dairy operations as are necessary to meet such processor's needs.
18 O.S. Supp. 1999, § 954[18-954]. Thus, the 1994 Amendment to Section 954 did not bring any exempt 953(C) corporation back under the Act, but simply added corporations engaged in fluid milk processing as limited to certain dairy operations.
¶ 7 Prior to the 1994 amendments, the legislative intent of Section 953(C) clearly provided an exemption for certain food canning or food processing corporations to raise their own food products. Section 954, entitled "Exemptions," exempted both domestic and foreign corporations whose activities were specified in the five paragraphs of Section 954 from the provisions of the Act. These two types of exemptions were not considered inconsistent but rather harmonious. Provisions in the same statutory scheme should be given a construction which will result in harmonizing the provisions and giving reasonable effect to both sections without doing violence to either. See Roach v.Atlas Life Ins. Co., 769 P.2d 158, 163 (Okla. 1989).
¶ 8 The addition of the phrase "[e]xcept as otherwise provided by Section 954 of this title," would appear to attempt to qualify the exemption of Section 953(C) by making it subject to the language contained in Section 954. However, a plain reading of the provisions of Section 954, even as amended, did not appear to limit any activities that could be lawfully conducted under Section 953.[1] Thus, we are faced with the addition of a clause in Section 953(C) which finds no supporting language in Section 954.
¶ 9 Reading the two statutes together after the two 1994 amendments, a corporation theoretically could be exempted from the exemption, which would be an absurdity. The Legislature will not be presumed to have intended an absurd result, and a statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. See AMFTubescope Co. v. Hatchel, 547 P.2d 374, 379 (Okla. 1976). Here, in both Sections 953(C) and 954, the Legislature exempted certain corporations from compliance with the Act. The 1994 amendment to Section 954 did nothing to alter that fact. We will not conclude that the Legislature intended to bring a certain farming corporation or activity back into the Act absent language in Section 954 to that effect. A reasonable and rational construction is preferred. See TXO Prod. Corp. v. Oklahoma Corp.Comm'n, 829 P.2d 964, 969 (Okla. 1992).
¶ 10 Thus, any legislative intent to somehow create provisions in Section 954 to limit the exemptions of Section 953(C) is not apparent. Since our task is to determine legislative intent (SeeJackson v. Independent School Dist. No. 16, 648 P.2d 26, 29
(Okla. 1982)) we must refrain from arbitrarily creating language in Section 954 that does not exist. The exemptions in 953(C) thus stand unimpeded by Section 954.
 III. Definitions of Food Products and Food Processing
¶ 11 Your second question addresses the definitions of "food products" and "food processing" under the Act. Statutes are to be construed by reading their provisions with ordinary and common definitions and understanding of the words used unless the context dictates a special or technical definition is to be understood. See 25 O.S. 1991, § 1[25-1]. It should be noted that the Act contains no definitions of "food products" or "food processing." "Except when a contrary intention plainly appears, terms are given their plain and ordinary meaning." OklahomaAss'n for Equitable Taxation v. City of Oklahoma City,901 P.2d 800, 803 (1995). In the Farming or Ranching Business Corporations Act, the Legislature expressed no contrary intent; therefore "food products" and "food processing" retain their plain and ordinary meanings.
¶ 12 For guidance, processing is commonly defined as, "to prepare for market, manufacture, or other commercial use by subjecting to some process." Webster's Third New International Dictionary 1808 (3d ed. 1993). An example of food processing to preserve the food would be preparation by freezing. "Product" is defined as something produced by nature or made by human industry or art. See id. at 1810. Accordingly, a food product is food produced by nature or made by human industry or art. Since the Legislature expressed no contrary intent in the Farming or Ranching Business Corporations Act, "food products" and "food processing" retain their plain and ordinary meanings.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 In spite of language in the introductory clause added in 1994to Section 953(C) of the Farming or Ranching BusinessCorporations Act, no language in Section 954 limits theexemptions provided in Section 953(C). Thus, 18 O.S. Supp.1999, § 953(C) provides an exemption from the Act forcorporations engaging in food canning operations, food processingor frozen food processing insofar as such corporations engage inthe raising of food products for aforesaid purposes. See 18O.S. 1991 and Supp. 1999, §§ 951-956.
 The terms "food processing" or "frozen food processing"contained in 18 O.S. 1991, § 953(C) are not defined in theAct and retain their plain and ordinary meanings.
W.A. DREW EDMONDSON Attorney General of Oklahoma GLEN D. HAMMONDS Assistant Attorney General
[1] These exemptions were provided for certain activities related to swine or poultry, forestry or charitable operations.