2003 OK 113

**EASTERN OKLAHOMA BUILDING & CONSTRUCTION TRADES COUNCIL, Plaintiff–Appellant,**

v.

**Ralph W. PITTS, Defendant–Appellee,**

**Stephen L. Weese and the State of Oklahoma, Intervenors–Appellees.**

No. 99,792.

Supreme Court of Oklahoma.

Dec. 16, 2003.

---

James Clarence Thomas, James E. Frasier and Steven R. Hickman, Frasier, Frasier & Hickman, and Gerald B. Ellis, Tulsa, OK, for Plaintiff–Appellant.

John R. Martin, Springfield, Virginia, Karen Marie Gundy, John Edward Harper, and Frank B. Wolfe, Tulsa, OK, for Intervenor–Appellee, Stephen L. Weese.

Stefan Kent Doughty, Assistant Attorney General, Oklahoma City, for Intervenor–Appellee, State of Oklahoma.

## FACTS AND PROCEDURAL BACKGROUND

WATT, C.J.

¶1 In September 2001 the people of Oklahoma approved at a special election State Question 695, a referendum submitted to them by a Joint Resolution of the Oklahoma Legislature. Upon its approval by the people, SQ 695 immediately amended the Oklahoma Constitution by adding Art. 23, § 1A.[1] This new provision is usually either called the "right to work law" or the "right to work amendment."

¶2 In November 2001, several labor organizations and a pipeline company sued then Oklahoma Governor Frank Keating in the United States District Court for the Eastern District of Oklahoma seeking a declaration that the right to work law was unconstitutional. Later, Oklahomans for Jobs

---

1. That amendment, Okla. Const., Art. 23, § 1A provides:

§ **1A. Participation in labor organization as condition of employment prohibited**

A. As used in this section, "labor organization" means any organization of any kind, or agency or employee representation committee or union, that exists for the purpose, in whole or in part, of dealing with employers concerning wages, rates of pay, hours of work, other conditions of employment, or other forms of compensation.

B. No person shall be required, as a condition of employment or continuation of employment, to:

 1. Resign or refrain from voluntary membership in, voluntary affiliation with, or voluntary financial support of a labor organization;

 2. Become or remain a member of a labor organization;

 3. Pay any dues, fees, assessments, or other charges of any kind or amount to a labor organization;

 4. Pay to any charity or other third party, in lieu of such payments, any amount equivalent to or pro rata portion of dues, fees, assessments, or other charges regularly required of members of a labor organization; or

 5. Be recommended, approved, referred, or cleared by or through a labor organization.

C. It shall be unlawful to deduct from the wages, earnings, or compensation of an employee any union dues, fees, assessments, or other charges to be held for, transferred to, or paid over to a labor organization unless the employee has first authorized such deduction.

D. The provisions of this section shall apply to all employment contracts entered into after the effective date of this section and shall apply to any renewal or extension of any existing contract.

E. Any person who directly or indirectly violates any provision of this section shall be guilty of a misdemeanor.

and Justice, a supporter of right to work, and three individual Oklahoma citizens, who were represented by the National Right to Work Legal Defense and Education Foundation, intervened as defendants. One of the intervenors in the federal court action is the intervenor here, Stephen L. Weese.

¶ 3 The federal district court rejected most of the unions' claims but held that two subsections of the right to work amendment, § 1A(B)(5) and (C), were preempted as to workers covered by the National Labor Relations Act. The federal district court entered an order and final judgment on June 5, 2002, *Local 514, Transport Workers of America, et al. v. Keating, et al.*, 212 F.Supp.2d 1319 (E.D.Okla.2002). The unions appealed to the United States Court of Appeals for the 10th Circuit, which held that in addition to the sections of the right to work amendment the federal district court had held to be preempted by federal law, § 1A(B)(1) was also preempted. The 10th Circuit then certified questions of state law to this court, which we answered in *Local 514, Transport Workers of America v. Keating,* 2003 OK 110, 83 P.3d 835. Appellant here, Eastern Oklahoma Building & Construction Trades Council, filed an *amicus curiae* brief in this Court in which it made essentially the same arguments it presents here.

¶ 4 On May 13, 2003, the Council filed suit in the District Court of Tulsa County from which this appeal emanates. The Council claims that the right to work amendment is itself unconstitutional because it violates several other provisions of the Oklahoma Constitution. Both the Council and Weese filed motions for summary judgment. The parties agree that there are no disputed issues of material fact involved in this litigation and that disposition of this matter at the summary judgment stage was appropriate. As noted earlier, the trial court denied the Council's motion for summary judgment and granted Weese's motion for summary judgment.

## HISTORICAL BACKGROUND

¶ 5 In 1947 congress passed § 14(b) of the Labor Management Relations Act, 29 U.S.C. § 164(b), which specifically authorized states to prohibit agreements between unions and employers requiring membership in a union as a condition of employment. Similarly, § 8 of the same Act, 29 U.S.C. § 158, provided, in effect, that a worker can't be fired for nonmembership in a union if the worker's nonmembership results from the worker's refusal to pay union dues. Later the United States Supreme Court declared that § 14(b) was constitutional in the companion cases of *Lincoln Federal Labor Union No. 19129, A.F. of L. v. Northwestern Iron & Metal Co.,* 335 U.S. 525, 69 S.Ct. 251, 93 L.Ed. 212 (1949) and *A.F. of L. v. American Sash & Door Co.,* 335 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222 (1949). The court held that the Arizona, Nebraska, and North Carolina right to work laws violated neither the due process clause nor the equal protection clause of the 14th Amendment to the United States Constitution.

¶ 6 As we noted in *Local 514,* 2003 OK ―― ¶¶ 9–11, the various forms of collective bargaining agreements between unions and employers that require employees to pay union dues in one form or another are generally characterized as "security agreements." *Lincoln Federal,* 335 U.S. at 528, 69 S.Ct. at 253. The conflict over right to work laws has arisen because of the opposing attitudes toward security agreements. Right to work advocates believe that every worker should have the right to decline to pay dues to an organization whose views the worker may oppose, but unions believe that no worker should be entitled to benefit from the advantages secured by unions without having contributed to the unions' support. The cases dealing with this issue are collected and discussed in a recent A.L.R. annotation, *Validity, Construction, and Application of State Right-to-Work Provisions,* 105 A.L.R.5th 243, 2003 WL 132434 (2003).

## DISCUSSION

¶ 7 The Council claims that the right to work law "is unconstitutional on its face" and violates the Oklahoma Bill of Rights, Okla. Const. Art. 2, § 2 (right to life, liberty and the pursuit of happiness) and § 7 (right to due process of law). The Council also claims that the right to work law violates Okla.

Const. Art. 24, § 1 (no proposed constitutional amendment submitted to the voters shall embrace more than one subject) and Okla. Const. Art. 5, § 59 (laws must have a uniform operation and "no special law shall be enacted.") We reject the Council's argument for a number of reasons.

### I.

*The due process and equal protection clauses of the Bill of Rights of the Oklahoma Constitution provide the same protections as those guaranteed by the 14th Amendment to the United States Constitution.*

 ¶ 8 In *Oklahoma Association for Equitable Taxation v. Oklahoma City,* 1995 OK 62, ¶ 12, 901 P.2d 800, 805, we held, "The same equal protection component found in the fourteenth amendment of the United States Constitution is present in the due process clause of art. 2, § 7." We hold that the same analysis applies to the due process protections generally. Thus, the same due process protections guaranteed by the 14th amendment are also guaranteed by Art. 2, § 2.[2]

¶ 9 As noted earlier, the U.S. Supreme Court held more than fifty years ago that right to work laws do not violate either the due process clause or the equal protection clause of the 14th Amendment. *Lincoln Federal Labor Union No. 19129, A.F. of L. v. Northwestern Iron & Metal Co.,* 335 U.S. 525, 69 S.Ct. 251, 93 L.Ed. 212 (1949) and *A.F. of L. v. American Sash & Door Co.,* 335 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222 (1949). Here, the Council reprises arguments that have been rejected by the federal courts for many years and, indeed, were rejected by the trial court here. As the due process and equal protection provisions of the Oklahoma Constitution and the 14th Amendment guarantee the same rights, the Council has no right to relief under the Oklahoma Constitution just as other unions making similar arguments were held by the U.S. Supreme Court to have no right to relief under the federal constitution.

### II.

*A constitutional amendment will prevail over provisions of the original instrument that are inconsistent with the amendment but if it appears that it was not the intent to alter or repeal a provision of the original Constitution, such provision remains in full force unaffected by the amendment.*

 ¶ 10 The Council's claim "that the right to work law is unconstitutional on its face under Oklahoma's constitution" is a *non sequitur* under Oklahoma law. We fail to understand how an amendment to the Oklahoma Constitution could be found to violate that constitution. In *Adams v. City of Hobart,* 1933 OK 646 ¶ 0, 27 P.2d 595 at 595, Syllabus by the Court No. 2, we said, "The general rule is that a clause in a constitutional amendment will prevail over the provisions of the original instrument inconsistent with the amendment." Thus, how it could be said that the later passed right to work amendment is ineffective because it is inconsistent with the equal protection and due process provisions of the Constitution escapes us. But in *Adams,* this Court refused to hold that the people intended for the later passed amendment to repeal an earlier passed constitutional provision because,

> ... if on consideration of the language of the amendment, and the history and purpose of its adoption, it appears that it was not the intent to alter or repeal a provision of the original Constitution, such provision remains in full force unaffected by the amendment.

*Adams,* 1933 OK 646 at ¶ 24, 27 P.2d at 598. Similarly, in *Initiative Petition No. 259,* 1957 OK 167 ¶ 23, 316 P.2d 139 at 144, this Court held, "If the proposed amendment is amendatory of any section of the Constitution it would, if adopted, amend any section of the Constitution in conflict therewith whether mentioned or not."

¶ 11 The teaching of *Adams* and *Initiative Petition No. 259* is that if there were a

---

**2.** While the Oklahoma Constitution can afford rights greater than those granted by the United States Constitution; *Turner v. City of Lawton,* 1986 OK 51, ¶ 10, 733 P.2d 375, 378; we see nothing in the right to work amendment that deprives the Council of any right guaranteed by either Art. 2 § 2 or Art. 2 § 7 of the Oklahoma Constitution.

conflict between the right to work amendment and other, earlier passed, provisions of the Oklahoma Constitution the more recently adopted right to work amendment would prevail. We hold, however, that there is no conflict between the right to work amendment and either Art. 2, § 2 or Art. 2, § 7 of the Bill of Rights of the Oklahoma Constitution. The Council has presented nothing to convince us other than that "it was not the intent [of the people] to alter or repeal a provision of the original Constitution." *Adams*, 1933 OK 646 ¶ 24, 27 P.2d at 599.

■ ¶ 12 The Council claims that the right to work amendment is unconstitutional as to it because this Court, and others, have held that it is unconstitutional to require lawyers to represent indigents who are accused of crimes without adequate compensation. See *State v. Lynch*, 1990 OK 82, 796 P.2d 1150. The Council seeks to equate its obligation to represent employees who decline to pay union dues with making a lawyer represent an indigent for less than adequate compensation. We reject the Council's argument on this score for two reasons: First, the people of the state of Oklahoma have declared through their vote to amend the Oklahoma Constitution to impose this obligation on unions. Second, as discussed above, both the United States Supreme Court and this Court have concluded that right to work laws do not deprive unions of either their rights to due process or to equal protection of the law. *Lincoln Federal Labor Union No. 19129, A.F. of L. v. Northwestern Iron & Metal Co.*, 335 U.S. 525, 69 S.Ct. 251, 93 L.Ed. 212 (1949) and *A.F. of L. v. American Sash & Door Co.*, 335 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222 (1949).

3. Art. 24, § 1 provides:

Any amendment or amendments to this Constitution may be proposed in either branch of the Legislature, and if the same shall be agreed to by a majority of all the members elected to each of the two (2) houses, such proposed amendment or amendments shall, with the yeas and nays thereon, be entered in their journals and referred by the Secretary of State to the people for their approval or rejection, at the next regular general election, except when the Legislature, by a two-thirds (2/3) vote of each house, shall order a special election for that purpose. If a majority of all the electors voting on any proposed amend-

*III.*

*The right to work amendment is not a special law prohibited by Okla. Const., Art. 5, § 59*

■ ¶ 13 Because we hold that any conflict between the right to work amendment and a provision in the original constitution would have to be resolved in favor of the more recent amendment, we could not reasonably hold that Okla. Const., Art. 5, § 59 somehow trumps the more recently passed right to work amendment. The Council contends that Art. 5, § 59 should be held to apply to constitutional provisions as well as to statutes. We disagree. Art. 5, § 59 provides:

Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.

Article 5 of the Constitution applies to the "Legislative Department" and the sections under this head deal with legislation. We hold, therefore, that this provision does not apply to the right to work amendment, which was a constitutional amendment proposed by the legislature and approved by the people under Okla. Const. Art. 24, § 1.[3]

■ ¶ 14 We note that the cases cited by the Council in support of its proposition that the right to work amendment was unconstitutional because it violated Art. 5, § 59 examined the constitutionality of statutes. No case cited by the Council dealt with the issue of whether a constitutional amendment would be declared unconstitutional because it was, somehow, a special law. See, for example, *Reynolds v. Porter*, 1988 OK 88, 760 P.2d 816. Although the Council relies heavily on *Reynolds*, it is inapposite. There we held

ment at such election shall vote in favor thereof, it shall thereby become a part of this Constitution.

No proposal for the amendment or alteration of this Constitution which is submitted to the voters shall embrace more than one general subject and the voters shall vote separately for or against each proposal submitted; provided, however, that in the submission of proposals for the amendment of this Constitution by articles, which embrace one general subject, each proposed article shall be deemed a single proposal or proposition.

that a *statute*, which created a statute of limitations for medical malpractice actions shorter than the limitation period for other torts, was a special law and unconstitutional because it only applied to actions against medical professionals, not to other tortfeasors. Here, though, the Council is attacking a provision of the Oklahoma Constitution, although the provision has been approved by the people, is already a part of the constitution, and is entitled to a presumption of validity. We are obliged to preserve the constitutionality of enactments where possible, not overturn them. *Local 514, Transport Workers of America v. Keating*, 2003 OK 110, at ¶¶ 15–18, 83 P.3d at 839–840. The Council has made no showing that would overcome that presumption.

## IV.

*The right to work amendment does not violate Okla. Const. Art. 24, § 1*

■ ¶ 15 Okla. Const. Art. 24, § 1, note 2, provides that "No *proposal* for the amendment or alteration of this Constitution which is submitted to the voters shall embrace more than one general subject. . . ." [Emphasis added.] The Council is not attacking a *proposal;* instead, it is attacking a provision of the Constitution, which is entitled to the presumption of validity and which we have an obligation to uphold if we can reasonably do so. *Local 514, Transport Workers of America v. Keating*, 2003 OK 110, at ¶¶ 15–18, 83 P.3d at 839–840; *Adams*, 1933 OK 646 at ¶ 24, 27 P.2d at 598.

■ ¶ 16 The requirement that a proposal to amend the Constitution embrace only one subject is to prevent "log rolling," that is "the combining of unrelated proposals." *In re Initiative Pet. No. 363*, 1996 OK 122 ¶ 15, 927 P.2d 558, 556. Here, the right to work amendment's provisions all relate to the regulation of union activity *vis a vis* workers employed or seeking employment in unionized workplaces. We therefore reject the Council's contention that the "one general subject" rule was violated in any event.

¶ 17 The Council makes a similar argument with respect to the ballot title, which must be rejected for the same reason. The

Council's contention that the ballot title was so vague and confusing that the right to work amendment must be declared unconstitutional is inconsistent with this Courts jurisprudence. We are not assessing the clarity of a ballot title in this appeal. Instead we are determining whether an existing provision in the Oklahoma Constitution will be declared unconstitutional.

¶ 18 The Council cites *In re Initiative Pet. No. 344*, 1990 OK 75, 797 P.2d 326. But *In re Initiative Pet. No. 344* is inapposite as it dealt with an *initiative* petition, not a referendum submitted to the people by the legislature. The Council has cited no case, and we know of none, that would support a holding, after the referendum had been approved by the people, that the referendum was unconstitutional because of claimed deficiencies in the ballot title. Further, our review of the ballot title reveals nothing about it that is either confusing or misleading. Indeed, the Council's argument that the ballot title was misleading seems to stem solely from its argument that the one subject rule was violated, an argument that we have rejected.

## CONCLUSION

¶ 19 The due process and equal protection clauses of the Bill of Rights of the Oklahoma Constitution provide the same protections as those guaranteed by the 14th Amendment to the United States Constitution. *Oklahoma Association for Equitable Taxation v. Oklahoma City*, 1995 OK 62 ¶ 12, 901 P.2d 800. Thus, the Council has no right to relief under the Oklahoma Constitution just as other unions making similar arguments were held by the U.S. Supreme Court to have no right to relief under the federal constitution. *Lincoln Federal*, 335 U.S. 525, 69 S.Ct. 251, 93 L.Ed. 212 (1949) and *A.F. of L. v. American Sash & Door Co.*, 335 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222 (1949).

■ ¶ 20 A constitutional amendment will prevail over provisions of the original instrument that are inconsistent with the amendment but if it appears that it was not the intent to alter or repeal a provision of the original Constitution, such provision remains in full force unaffected by the amendment.

*Adams*, 1933 OK 646 at ¶ 24, 27 P.2d at 598; *Initiative Petition No. 259*, 1957 OK 167 ¶ 23, 316 P.2d 139 at 144. The Council has presented nothing to convince us other than that "it was not the intent [of the people] to alter or repeal a provision of the original Constitution." *Adams*, 1933 OK 646 ¶ 24, 27 P.2d at 599.

¶ 21 The right to work amendment is not a special law prohibited by Okla. Const., Art. 5, § 59. Article 5 applies to the "Legislative Department" and the sections under this head deal with legislation. We hold, therefore, that this provision does not apply to the right to work amendment, which was a constitutional amendment proposed by the legislature and approved by the people under Okla. Const. Art. 24, § 1.

██ ¶ 22 The right to work amendment does not violate Okla. Const. Art. 24, § 1 because that section deals with *proposed* amendments to the Constitution. Here, the Council is attacking a provision of the Constitution, which is entitled to the presumption of validity and which we have an obligation to uphold if we can reasonably do so. *Local 514, Transport Workers of America v. Keating*, 2003 OK 110, at ¶¶ 15–18, 83 P.3d at 839–840; *Adams*, 1933 OK 646 at ¶ 24, 27 P.2d at 598. Similarly, a referendum approved by the people under the terms of Art. 24, § 1 will not be declared unconstitutional after the fact because of claimed deficiencies in the ballot title. Further, our review of the ballot title reveals nothing about it that is either confusing or misleading.

**JUDGMENT OF THE TRIAL COURT AFFIRMED.**

OPALA, V.C.J., HODGES, LAVENDER, HARGRAVE, KAUGER, SUMMERS, WINCHESTER, JJ., concur.

BOUDREAU, J., concurs in result.